## EARL vs. SPOONER and DIXON.

The obligors in a bond executed upon the issuing of an attachment in a justice's court, where the plaintiff has failed to recover judgment, are, *prima facie*, liable for the value of the property attached. *Per* BEARDSLEY, J.

But where property was seized and removed by virtue of an attachment, and the plaintiff, having been nonsuited on the trial, immediately sued out another attachment, upon which the officer who served the first, seized the same property, in his own possession, on the second attachment, and afterwards sold it on the execution in that suit; in an action on the bond given on the issuing of the first attachment, *held*, that the defendants were entitled to show the appropriation of the property on the process in the second attachment suit in reduction of damages.

ERROR to the Warren common pleas. Earl sued Spooner and Dixon before a justice of the peace and recovered $2, besides costs, which judgment the common pleas upon *certiorari*, prosecuted by the *plaintiff*, affirmed; whereupon the plaintiff brought error to this court. The action was covenant, on a bond executed by the defendants in the penalty of $100, given to procure the issuing of an attachment before a justice in favor of Spooner against the plaintiff, which was conditioned pursuant to the statute, (2 *R. S.* 230, § 29,) to be void if (among other things) Spooner should pay the defendant (the plaintiff in this suit) all damages and costs which he might sustain by rea son of the issuing of the attachment in case Spooner should fail to recover judgment in the attachment suit. An attachment was accordingly issued upon which certain chattels of the plaintiff, worth about thirty dollars, were seized by a constable; who took them into his possession and locked them up, and returned the attachment. On the return day the parties appeared before the justice, when the plaintiff in that suit (Spooner) was nonsuited, upon what ground is not stated in the return. The plaintiff, in the suit on the bond, sought to recover the value of the property attached, and proved that it had never been returned. On the part of the defendants it was permitted to be shown, though objected to by the plaintiff, that immediately after the judgment of nonsuit, the same justice issued another

Earl *v.* Spooner.

attachment in favor of Spooner against the plaintiff, by virtue of which the same constable attached the same property, and, judgment having been rendered for the plaintiff in this second attachment suit, sold it on the execution.

*A. T. Wilson*, for the plaintiff in error, insisted that the justice erred in admitting evidence of the seizure and sale of the property under the second attachment, and the execution in the second suit. He maintained that the taking under the first attachment was to be regarded as tortious, and that the obligors in the bond were liable for the full value, notwithstanding the seizure under the second attachment; for which he referred to *Otis* v. *Jones,* (21 *Wend.* 394;) *Dunning* v. *Humphrey,* (24 *id.* 31.) When the judgment of nonsuit was rendered, the plaintiff had a right of action on the bond, to recover the full value of the property, and its subsequent application to pay the judgment in the second suit, being without his consent, could not prejudice his rights. (*Bartholomew* v. *Jackson,* 20 *John.* 28.)

*E. H. Rosekrans,* for the defendant in error.

*By the Court,* BEARDSLEY, J. I think there was no error in allowing the defendants to give evidence of the second attachment and proceedings thereon, including a sale of the property to satisfy the judgment thus recovered against the plaintiff in this suit. The evidence was pertinent and material to the question of damages, and seems to have been received for that purpose alone.

The defendants were bound by their bond to pay the plaintiff all damages and costs which he might sustain by reason of the issuing of the attachment referred to in said bond, if the plaintiff in said attachment failed to recover judgment thereon. No such judgment was recovered, but on the contrary a judgment of nonsuit was rendered against the plaintiff in the attachment. The condition of the bond was thus broken, and *prima facie* the defendants were responsible for the full value of the

property which had been seized on the attachment. They had bound themselves to pay all damages which the defendant in the attachment might sustain " by reason of the issuing such attachment," and *prima facie* he had sustained damages to the extent of the value of the property taken from him on the attachment. A return or an offer to return the property to the owner, might have changed the rule of damages, and so might its seizure and sale on other and legal process against the owner. It was still his property notwithstanding the seizure on the first attachment, and as such was liable to be taken on the second attachment. As between these parties and in this action, we cannot assume that the first seizure was tortious, or that the defendants were responsible as wrongdoers. (*Groat* v. *Gillespie*, 25 *Wend.* 383.) They were not sued in trespass, nor does it appear that they could have been, for the property seized on the attachment. The action was covenant, and the defendants were responsible to the extent of the obligation assumed in executing the bond, but not as trespassers, which distinguishes the present case from that of *Otis* v. *Jones*, (21 *Wend.* 394,) referred to by the plaintiff in error.

The plaintiff recovered some damages, and we suppose all which he had actually sustained by the issuing of the first attachment, and the levy thereof on his property. The second seizure of this property, immediately after it had been liberated from the first levy, by the judgment of nonsuit, was strictly legal, and as the property has been applied according to law to satisfy a debt due from the owner, that was very properly admitted in evidence to reduce the amount of damages sought to be recovered. The judgment rendered by the justice was free from error and was properly affirmed by the common pleas.

Judgment affirmed.