### L. Schwartz v. I. Burton.

(No. 1677, Op. Book No. 2, p. 531.)

Appeal from Uvalde County.   Opinion by Watts, J.

§ 1216. *Attachment; nature of remedy by; damages for wrongfully suing out; for maliciously suing out; rules as to.* The remedy by attachment is summary, and may be rendered exceedingly harsh and oppressive by resorting to it wrongfully. However, it is a remedy provided for by law, and when called into requisition, in the cases provided by statute, and under the circumstances therein named, it is as legitimate as any other legal remedy, and there is no penalty following from its proper use. The law provides as a check upon the improper resort to the writ, that, if it is wrongfully sued out, the party injured by the wrong may recover the actual damages resulting to him from such use of the remedy; and if, in addition to its being wrongful, it is maliciously resorted to, without probable cause, he may recover exemplary damages. Actual damages that may be recovered for wrongfully suing out the writ are such only as are the natural, proximate and legal result or consequence of the wrongful act. [Wallace v. Finberg, 46 Tex. 35; Drake on Attach. § 175.] The burden in such case is upon the party who asserts that the writ has been wrongfully sued out, to establish that the grounds upon which it issued were untrue, and also to establish that the damages as claimed resulted from the wrongful act; and if, in addition, exemplary damages are claimed for the malicious use of the writ, the burden is upon the party asserting the malice to show that there was no probable cause to resort to the writ, and that it was done maliciously. However, where

it is clearly shown that there was a want of probable cause, malice may be inferred. Loss or injury to credit is not the natural, proximate, legal consequence of wrongfully suing out the writ, and cannot be recovered as actual damages. But where it is shown that the resort to the remedy was without probable cause and malicious, loss or injury to the credit may be recovered as exemplary damages. [Culbertson v. Cabeen, 29 Tex. 247; Drake on Attach. §§ 175, 745.]

October 10, 1881.          Reversed and remanded.