## H. & T. C. RY. CO. v. JEREMIAH O'HARE.

SUPREME COURT, AUSTIN TERM, 1882.

*Injury to person—Exemplary damages.*—When the party was injured while operating a defective engine while the same was being taken to the machine shops for repairs, the company should not be held liable for exemplary damages.

*Same—Verdict*—In order that a general verdict under a charge which, though under the evidence properly submitted to the jury the question of actual damages, but not properly that of exemplary damages, should be sustained, it must clearly appear that the verdict was for actual damages only.

Appeal from Navarro—Opinion by Bonner, J.—This is an action brought by appellee (O'Hare) against appellant (the Houston and Texas Central Railway Company) for damages for personal injuries received when coupling an engine belonging to the appellant, at the "round-house," in the city of Corsicana. The gravamen of plaintiff's action is, that the injury was caused by reason of a defect in the engine, which prevented its being fully under the control of the engineer, and caused its action to be irregular. The testimony shows that it was a new freight engine, No. 63, which had become dis-

abled on the up trip from Houston or Hearne by reason of a broken eccentric, and that otherwise it was in good order. It also is shown that it was being operated when the injury happened—not in the regular work of engines on the line of the road, but was withdrawn, and as preliminary to being sent to the city of Houston for repairs, it had been run to the turntable for the purpose of changing the direction from north to south, and was returning therefrom when the injury occurred.

Under a charge that the jury might find both actual and exemplary damages, a general verdict was returned for $4000, for which amount judgment was rendered against the company, from which this appeal is taken.

We do not find it necessary to pass upon but one of the several errors assigned, and that relates to so much of the charge of the court as instructed the jury that they might find exemplary damages, as follows:

"If you believe that the injury alleged was the result of defective machinery, and that the defendant's agent used the same knowing such defects, and that the plaintiff was injured thereby without fault on his part, you may assess, in this case, exemplary damages, in such an amount as you may deem justified by the evidence, in addition to the actual damages."

The only possible ground upon which, under the evidence in the record, the company could have been liable for exemplary damages was, that it was guilty of gross negligence in operating the defective engine.

We think the rule a sound one, on principle and policy, that it is the duty of the master to use all proper precaution to furnish the necessary implements, appliances and machinery reasonably suitable and proper for the work required of the servant, and that the master is liable for the actual damages which legally result from a failure to so furnish the same, when under such circumstances that the law would not imply that the servant had waved his right thereto, and had assumed the increased risks. (Railroad Company v. Doyle, 49 Texas, 190; Railroad Company v. Dilahunty, 53 Texas, 206.)

We are further of opinion, however, that this rule has no application in the present case, for the reason that the facts upon which the rule could be invoked do not arise. The purpose for which the defective engine was being operated was to send it to the machine shops

for repairs, and there to make it safe and suitable for its legitimate work, and thereby remove the risk which would otherwise have been incurred by its use. Certainly the effort to accomplish this in the proper, usual and ordinary manner should not make the company liable for exemplary damages; otherwise, they could never, except at great risk, move for repairs any defective implements, appli-- ances and machinery.

The company sought to have this phase of the case presented to the jury by a special charge, asked and refused, as shown by bill of exceptions. The refusal of this charge was error, for which the judgment must be reversed.

This error was not rendered immaterial on the supposition that the jury were authorized to find $2560 as actual damages, under that part of the charge in which they were instructed that "in estimating the *actual* damages sustained by the plaintiff, find for such an amount of money as, when put at interest at the legal rate of eight per cent per annum, would produce an amount equal to what may be proved that the plaintiff could earn, and was getting, annually, after deducting what he may be able now to earn in his present disabled condition."

A charge almost in these identical words was held erroneous by this court in Railroad Company v. Willie, 53 Texas, 319.

If it were practicable to give any such mathematical rules for the measure of damages in this character of case, it would not be a sum which will bring an annual interest corresponding with the annual value of this lessened ability to labor, and still leave the principal sum which was substituted for the physical ability of the injured party to his estate after death, and after his physical disability to labor had ceased, but it would, perhaps, be the present value of the damages, calculated upon the principle of an annuity, which would bring the amount lost by reason of this lessened ability, annually, during the probable life of the injured party, estimated upon some reliable basis of the average duration of human life.

In order that a general verdict, under a charge which, though, under the evidence, properly submitted the the jury the question of actual damages, but not properly that of exemplary damages, should be sustained, it must clearly appear that the verdict was for actual damages only.

To prevent doubt and difficulty on this subject, the rule was laid down in Wallace v. Finberg, 46 Texas, 35, and has been repeatedly

announced since, that the jury, under appropriate pleadings and instructions, should be required to respond in separate verdicts to the issues of both actual and exemplary damages.

For the error above indicated, the judgment below is reversed and the cause remanded.

Reversed and remanded.