## R. Gilmour et al v. Otto Heinze et al.

### No. 7221.

1. **Evidence—Acts and Declarations of Agent.**—See facts showing the connection of an agent with the business of his principal, touching the stock of merchandise seized while in possession of such agent, such as to render the acts and declarations of the agent at and before the levy admissible against his principal in a trial of the right of property in the stock.

2. **Evidence—Kind of Stock.**—In trial of right of property in a stock of merchandise seized at Paris, Texas, the claimant, in whose possession it was when seized, claiming to have bought the stock at Texarkana for the purpose of setting up a retail store, it was competent for an experienced merchant, who had examined the stock, to. testify to such examination, and to state that it was in certain respects named by him not of the amount and character usually carried by a retail dealer at the place.

3. **Hotel Register.**—The claimant had testified to his being at Paris ten times during July and August, 1887. There was a question raised as to his identity. He never had charge of the business, nor did he appear on the trial. *Held*, it was competent to exhibit in evidence the hotel register of the house at which his depositions stated he had stopped when at Paris. The registry did not show the name of the claimant.

4. **Practice in Trial of Right of Property.**—No question having been made in the pleadings or otherwise as to the regularity of the writs of attachment under which the seizure was made, it was not necessary to submit to the jury the existence of the writ, or debt supporting it.

5. **Measure of Damages.**—The measure of damages for goods seized and claimed adversely to the defendant in the writ under which seizure is made, is the value at the seizure, and 8 per cent interest from date of seizure.

Appeal from Lamar. Tried below before Hon. E. D. McClellan.

*H. D. McDonald,* for appellants. — 1. The court erred in admitting, over the objection of defendant, the testimony of G. S. Baldwin and J. G. Dudley as to the acts and declarations of J. L. Galt, because said acts and declarations were not made within the scope of the agency of the said Galt, and such evidence was therefore mere hearsay and was not binding on the defendant. Story on Agency, secs. 134, 136, 137; 2 Whart. Ev., secs. 1173, 1174, 1178, 1180.

2. The testimony of Wortham, Hensley, and the hotel register, as complained of [see opinion], conduced to prove no pertinent hypothesis, was therefore irrelevant, and its admission erroneous and strongly calculated to prejudice the rights of defendant. 1 Whart. Ev., sec. 20, et seq.

*Dudley & Moore* and *Cranford & Cranford,* for appellees, cited McAlpin v. Cassidy, 17 Texas, 466; Tuttle v. Turner, 28 Texas, 759; Merriman v. Fulton, 29 Texas, 97; Whart. Ev., secs. 1171, 1173; 1 Greenl. Ev., sec. 113; Wright v. Linn, 16 Texas, 35; Burch v. Smith, 15 Texas,

219; Livingstone v. Wright, 68 Texas, 706; Railway v. Leak, 64 Texas, 654; Denham v. Lumber Co., 73 Texas, 78.

FISHER, JUDGE, *Section B.*—This was a trial of the right of property under the statute, between appellant R. Gilmour and appellees, as attaching creditors of Munzesheimer & Klein, of a stock of goods, resulting in a verdict and judgment for appellees against Gilmour and the sureties on his claimant's bond.

Under the issues formed and made up under the direction of the court, appellees charged, that the goods levied upon by their writs of attachments were at the time the property of Munzesheimer & Klein, and subject to the levy; that if the goods so levied upon were ever transferred by Munzesheimer & Klein to the claimant, it was when they were largely in debt and in failing circumstances, and with the purpose and intent of defrauding their creditors, and that Gilmour had notice of such fraudulent intent.

The claimant alleges, that the goods were at the time of levy his property, and were not liable for the debts of Munzesheimer & Klein, and not subject to the levy of the writ of attachment. That he bought the goods in July and August, 1887, from Munzesheimer & Klein, in good faith, for a valuable consideration, and in due course of trade, without any knowledge that Munzesheimer & Klein were largely indebted or in failing circumstances; denied that Munzesheimer & Klein sold said goods for the purpose or with the intent of defrauding their creditors; and if they had any such purpose it was not known to Gilmour. That Munzesheimer & Klein were wholesale dealers, and that he purchased the stock, which was less than one-tenth of the entire stock of Munzesheimer & Klein, for the purpose of opening a retail store.

The first error assigned is, that the trial court, over the objections of appellants, admitted the testimony of witnesses Baldwin and Dudley as to the acts and declarations of J. L. Galt. They object to this evidence, because the declarations of Galt were not made within the scope of his agency, and such evidence therefore was hearsay.

It was admitted that Galt was the agent of the claimant Gilmour at the time of the levy, and was in charge of the store house and had possession of the goods at the time as the agent of Gilmour. Witness Baldwin was the officer who made the levy, and witness Dudley was one of the attorneys for appellees when the levy was made. The testimony objected to is to the effect, that the witnesses went to the store house where the goods were in order to make the levy. They found the house locked, and then went in search of Galt and found him at the Lamar Hotel, and explained their business to him, and demanded admission to the store in which the goods were in order to make a levy. That Galt refused at first to open the door, saying he held the goods for Gilmour, and asked time to con-

sult a lawyer. The witnesses agreed to give him a half-hour to consult a lawyer; that Galt asked for an hour, which they refused to give. He then went off, and shortly afterwards witnesses walked down to the store and found the front door locked and Mr. Galt in the store engaged in erasing marks off dry goods boxes with an eraser, such as is commonly used by merchants. The name he was erasing was Munzesheimer & Klein.

It further appears from the evidence, that one S. Zuckerman leased the building in which the goods were stored for Gilmour; that Zuckerman bought the goods from Munzesheimer & Klein for Gilmour, and executed Gilmour's notes for the goods, and then he had the goods shipped to Paris. Witness Zuckerman, for claimant, further testified, that he paid the first installment of the attorney fee for defending this case; that he paid it for Gilmour; that the balance of the fee was paid by Galt. Galt had charge of the business; that he instructed Galt to erase the names off the boxes. Under these facts the acts and declarations of Galt were admissible as testified to by witnesses Baldwin and Dudley.

Witness Wortham was permitted to testify, over the objection of appellants, that the amount of ribbons in the stock levied upon was not of the amount and character usually carried by a retail house in Paris. This was objected to, because the evidence was irrelevant. The testimony of the claimant shows that the goods were purchased by him for the purpose of establishing a retail store in Paris. It appears that witness Wortham was an old experienced merchant in Paris, and had examined and knew the stock of goods in controversy. We think the evidence was properly admitted.

Witness Hensley testified that occupation license for R. Gilmour was taken out October 4, 1887, and expired January 1, 1888, and was taken out by Galt. This testimony was objected to as irrelevant. It is apparent from the record that one of the contentions urged by appellees was that Gilmour never in fact purchased the goods. This evidence was admissible as a circumstance tending to show that fact, and further, of Galt's connection with the goods.

The hotel register of the Lamar Hotel was introduced by appellees for the purpose of showing that the name of R. Gilmour did not appear thereon. This was objected to as irrelevant. The objection was overruled. Gilmour, by deposition, had testified that he had been in Paris as often as ten times. Zuckerman, his witness, testified that Gilmour had been in Paris several times in the months of August and September, 1887, and stopped at the Lamar Hotel. The hotel register was introduced in rebuttal. It was admissible.

The fifth assignment reads, "The court erred in not submitting to the jury the question as to whether the plaintiffs had debts against Munzesheimer & Klein, or had any attachments levied on the property in controversy."

The claimant, in his affidavit, admits that the writs of attachment were levied on the goods in controversy, and the record shows that such admission was also made by the claimant on the trial of the case. It also appears that the appellees, in the trial below, introduced in evidence judgments against Munzesheimer & Klein. There was no issue made as to the levy of the attachments and the debts of appellees against Munzesheimer & Klein. It was not necessary that the court should have presented these issues to the jury. Livingstone v. Wright, 68 Texas, 706; Denham v. Lumber Co., 73 Texas, 78.

We have examined the charge of the court with reference to the sixth, seventh, and eighth assignments of errors, and taking the charge as a whole, we think no error was committed in the respect complained of.

The ninth assignment of error complains of that part of the charge of the court that instructs the jury, "If they find from the evidence that R. Gilmour did not purchase the goods in controversy from Munzesheimer & Klein, either by himself or by his agent, then you will return a verdict as instructed in number 6 of the foregoing instructions." Charge number 6 gives the jury a form of verdict for plaintiffs, if they so find. The objection urged by appellant to the charge is, that Gilmour, in his issues, only claimed to have bought a part of the goods from Munzesheimer & Klein. The testimony of the claimant is, that he purchased the goods in controversy from Munzesheimer & Klein. The evidence is satisfactory upon the point that these goods came from Munzesheimer & Klein. There was no error in the charge.

Appellants insist that the court erred in the sixth subdivision of its charge, in instructing the jury to find the value of the goods at the time of the levy, instead of at the date of the execution of the claim bond. There was no error in this charge. It gave the correct rule in ascertaining the value of the property. Ratcliff v. Hicks, 23 Texas, 174; Wright v. Henderson, 12 Texas, 44.

We find no error in the record, and conclude the judgment should be affirmed, and so report it.

*Affirmed*

Adopted May 31, 1892.