FISHER et al. v. SCHERER.   (No. 6649.)

(Court of Civil Appeals of Texas. Galveston. June 26, 1914. Rehearing Denied Oct. 8, 1914.)

1. HUSBAND AND WIFE (§ 85*) — MARRIED WOMAN—LIABILITY ON NOTE.

Prior to the amendment by the Act of the 33d Leg. c. 32, of Rev. St. 1911, art. 4624, providing when a married woman may contract debts, a married woman was not liable on a note executed by her where there was no allegation or proof that the note was created for necessaries furnished her or her children or for the benefit of her separate estate.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 333, 336–341; Dec. Dig. § 85.*]

2. ATTACHMENT (§ 357*) — RECOVERY FOR WRONGFUL ATTACHMENT—DEFENSE.

It is no defense to a claim for actual damages from wrongful attachment that the plaintiff in attachment had probable cause to believe that ground for attachment existed; the question of probable cause being pertinent only to a claim for exemplary damages.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1307, 1309, 1310; Dec. Dig. § 357.*]

3. ATTACHMENT (§ 375*)—WRONGFUL ATTACHMENT—MEASURE OF DAMAGES.

The measure of damages for wrongful attachment is ordinarily the value of the goods attached, with interest from the date of seizure.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1378–1385, 1387, 1393, 1394, 1398, 1399; Dec. Dig. § 375.*]

4. TRIAL (§ 25*)—ARGUMENT—RIGHT TO OPEN AND CLOSE.

Where, in an attachment suit, defendant filed an admission of plaintiff's right to recover the amount of the note sued on, but filed a plea in reconvention asking damages for wrongful attachment, he was entitled to open and close the argument.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 44–75; Dec. Dig. § 25.*]

Appeal from Chambers County Court; R. J. McMurrey, Judge.

Action by S. S. Scherer against W. H. Fisher and others. From judgment for plaintiff, defendants appeal. Reversed and remanded.

Greer, Nall & Bowers, of Beaumont, for appellants.

PLEASANTS, C. J. This suit was brought by appellee against appellant W. H. Fisher and his wife, W. D. Fisher, to recover on a promissory note for the sum of $230, with interest and attorney's fees, and to procure a lien on a building described in plaintiff's petition. At the time of filing his suit plaintiff sued out a writ of attachment against defendants and caused said writ to be levied upon merchandise belonging to the defendant W. H. Fisher. Defendants answered by general denial, and especially excepted to the petition on the ground that it appeared therefrom that W. D. Fisher was a married woman at the time the note was executed, and that there are no allegations of facts in the petition upon which she could be held liable for the debt evidenced by said note. The answer also contained a general denial, a plea of coverture of W. D. Fisher, and a plea in reconvention by which W. H. Fisher sought to recover actual and exemplary damages against the plaintiff in the aggregate sum of $1,000 for wrongfully suing out the attachment. The trial in the court below with a jury resulted in a verdict and judgment in favor of plaintiff against both defendants for the amount of the principal, interest and attorney's fees due upon the note and for foreclosure of plaintiff's lien upon the building and the attachment lien upon the merchandise, and against the defendant W. H. Fisher on his plea of reconvention.

We shall not discuss the assignments in error in detail, but will state our reasons for holding that the judgment of the trial court should be reversed and the cause remanded for a new trial.

[1] There is neither pleading nor evidence to support the judgment against W. D. Fisher. She was the wife of W. H. Fisher at the time she executed the note. There is neither allegation nor evidence that the indebtedness evidenced by the note sued on was created for necessaries furnished Mrs. Fisher or her children or for the benefit of her separate estate, and under article 4624, Revised Statutes 1911, she was not liable for the note

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

which was executed in June 1912, before the passage of the act of the 33d Legislature (chapter 32) amending said article. Wallace v. Finberg, 46 Tex. 35; Stroter v. Brackenridge, 51 Tex. Civ. App. 170, 118 S. W. 632.

The evidence sustains the finding, if it does not conclusively show, that the ground upon which the attachment was sued out—viz., "that defendants were about to dispose of their property with intent to defraud their creditors"—was not true. Under the attachment goods of the defendant W. H. Fisher, valued by the officer who levied the writ at $320.42, were taken from the possession of said defendant.

[2] Upon the issue of defendants' right to recover damages for the wrongful suing out of the attachment the court gave the jury the following charge:

"Now, if you believe from the preponderance of the evidence that the attachment herein issued was wrongfully caused to be issued, and if you believe that the defendant W. H. Fisher was not about to dispose of his property as alleged by plaintiff, and that plaintiff had no probable cause for such belief, and by reason of the wrongful issuance and levy of said attachment the defendant W. H. Fisher has suffered any injury as alleged by him, then you will find for the defendant W. H. Fisher; but, if you believe from the evidence that at the time of making said affidavit for attachment the defendant W. H. Fisher was about to dispose of his property for the purpose of defrauding his creditors, or if you believe that said plaintiff had a probable cause for having said attachment issued, or if you believe that the defendant W. H. Fisher has suffered no damage as alleged by him then you will find for the plaintiff on this issue."

It is no defense to a claim for actual damages caused by the wrongful suing out of an attachment that the plaintiff in attachment had probable cause for the belief that ground for the attachment existed. If the alleged ground for attachment is not true, the attachment is wrongfully sued out, and plaintiff is liable for the actual damages caused thereby. As said by Judge Stayton in the case of Bear Bros. v. Marx & Kempner, 63 Tex. 303:

"It was the legal rights of appellants to continue in the peaceable possession and enjoyment of their property, and, unless facts existed which authorized their property to be taken from their possession for the security of creditors, the taking was a legal wrong which good intentions and pure motives could not make legally right."

The question of probable cause is pertinent only to the claim for exemplary damages, and cannot affect the claim for the actual damages caused by the wrongful use of the harsh remedy of attachment. Walcott v. Hendrick, 6 Tex. 406; Culbertson v. Cabeen, 29 Tex. 247; Kaufman v. Armstrong, 74 Tex. 65, 11 S. W. 1048; Woods v. Huffman, 64 Tex. 98.

The charge above quoted contained an affirmative misstatement of the law, and was reasonably calculated to cause, and probably did cause, the rendition of an improper verdict and judgment.

[3] The general rule for the measure of damages for the wrongful seizure of goods under a writ of attachment is the value of the goods with interest from the date of the seizure. Gilmour v. Heinze, 85 Tex. 76, 19 S. W. 1075. Of course, if the defendant should recover this value, the proceeds of the goods when sold would belong to the plaintiff.

[4] The defendant W. H. Fisher having filed an admission of plaintiff's right to recover against him the amount due upon the note, he had the right to open and conclude the argument before the jury, and the trial court erred in not granting him such privilege. District Court Rule 31, 94 Tex. 673; Ney v. Rothe, 61 Tex. 376.

What has been said disposes of the material questions presented by the appeal and sufficiently indicates the rules of law which should govern upon another trial.

For the reasons above stated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.