**LANCASTER et al. v. CORSICANA NAT.
BANK. (No. 318–3654.)**

(Commission of Appeals of Texas, Section A.
May 10, 1922.)

**1. Attachment ⬦375(3)—Plaintiff liable for
damages for seizure of property in excess of
debt.**

If an affidavit for attachment was false in
part and by reason thereof property in excess
of the real debt was taken, defendant can re-
cover damages for the seizure of property in
excess of that which the real debt justified.

**2. Appeal and error ⬦1043(3)—False affida-
vit for attachment as to amount of debt held
not harmless.**

Where affidavit of attachment was in part
false as to indebtedness, and property was seiz-
ed thereunder, error of the court in not in-
structing the jury that defendant was entitled
to recover damages for seizure of property in
excess of that which the real indebtedness jus-
tified was not rendered harmless because the
jury found against the defendant in the sum of
$110.77 and the goods levied upon were sold
pending trial, by agreement of the attorneys for
$132; there being claim that the goods were
damaged by rough handling and by rodents.

**3. Attachment ⬦375(3)—Value of goods for
purpose of recovering damages for excessive
attachment stated.**

The amount at which attached goods were
sold under agreement of counsel pending trial
does not necessarily determine the value of the
goods at the date of seizure under a writ of at-
tachment for the purpose of ascertaining dam-
ages suffered by defendant by reason of an ex-
cessive seizure, since the value should be de-
termined as of the date of seizure, instead of
at a subsequent date.

Error to Court of Civil Appeals of Sixth
Supreme Judicial District.

Action by the Corsicana National Bank
against J. A. Lancaster and others. From
a judgment of the Court of Civil Appeals
(229 S. W. 580), affirming a judgment for
plaintiff, defendants bring error. Judgment
reversed, and cause remanded for new trial.

J. S. Simkins and Callicuth & Johnson, all
of Corsicana, for plaintiffs in error.
Richard Mays, of Corsicana, for defendant
in error.

SPENCER, P. J. Defendant in error, Cor-
sicana National Bank, sued J. A. and A. B.
Lancaster and M. A. Cox to recover the
amount of two promissory notes; one for
the sum of $73.25, signed by J. A. and A. B.
Lancaster, and the other for the sum of $61.-
50, signed by J. A. Lancaster alone.

Defendant in error alleged that both notes
were secured by a chattel mortgage upon
certain personal property described therein,
and also secured by the transfer to it of
three certain vendor's lien notes of the ag-
gregate amount of $1,200, executed by M. A.
Cox, payable to the order of J. A. Lancaster.
Defendant in error alleged that in pursu-
ance of a conspiracy entered into by and be-
tween J. A. and A. B. Lancaster and M. A.
Cox to defraud and swindle it, it was induced
to extend the credit represented by the notes
sued on, and to accept as security the notes
transferred to it, which were represented as
being of their face value, when in fact they
were wholly insufficient to secure the loans
made.

A. B. Lancaster answered by general and
special demurrers, general denial and plea of
non est factum as to the two notes. Claude
E. Lancaster and Horace C. Lancaster, mi-
nors, sons of A. B. Lancaster, intervened, each
claiming a one-fourth interest in the stock
of goods levied upon under a writ of attach-
ment as the property of A. B. Lancaster.

By way of cross-action, A. B. Lancaster,
Claude E. Lancaster, and Horace C. Lancast-
er alleged that at the time of the commence-
ment of the suit and in connection with it
defendant in error filed its affidavit and bond
for attachment, and caused a writ of attach-
ment to be wrongfully, illegally, and with-
out probable cause issued and levied upon
certain personal property belonging to them
of the reasonable market value of $400.
They asked for actual damages in the sum
of $800 and exemplary damages in the sum
of $5,000.

M. A. Cox and J. A. Lancaster made de-
fault. The cause was submitted to a jury
on a general charge, and the jury found in
favor of defendant in error against J. A.
Lancaster for $91.65 and a foreclosure of the
chattel mortgage lien; for defendant in er-
ror against M. A. Cox for $100 attorney's fees
on the vendor's lien notes and a foreclosure
of the vendor's lien; for defendant in er-
ror against A. B. Lancaster and J. A. Lan-
caster on the $73.25 note, with interest and
attorney's fees. Its verdict upon the cross-
action reads:

"We further find that the statement made by
E. N. Johnson in affidavit bond for attach-
ment, No. 9735 was true as to the $73.25 note
(paragraph 6 of the court's charge), and had
legal right for attachment."

The judgment followed the verdict, and in
addition it decreed that A. B. Lancaster, C.
E. Lancaster, and H. C. Lancaster take noth-
ing against defendant in error by their plea
in reconvention. Upon appeal by A. B. Lan-
caster, C. E. Lancaster, and H. C. Lancaster
the judgment was affirmed. (Tex. Civ. App.)
229 S. W. 580. From this judgment they
prosecute this writ of error.

In the affidavit upon which the attach-
ment is predicated, it is averred that A. B.
Lancaster is indebted to defendant in error
upon two promissory notes (being the notes
sued on) in the aggregate sum of $220.98.

The court charged the jury in effect that, if they found that A. B. Lancaster signed the $73.25 note, or if he induced defendant in error to lend- J. A. Lancaster the $61.50 evidenced by the note, and agreed to sign the note, or if he entered into a conspiracy with J. A. Lancaster and M. A. Cox to induce, and did induce, the bank to loan J. A. Lancaster money on worthless security and collateral, to then determine whether the statement made in the affidavit as the ground for the issuance of the attachment was true; and that, if they found the statement untrue, then the attachment was illegally and wrongfully sued out, and, if they so found, to find for A. B. Lancaster and H. C. Lancaster and C. E. Lancaster the amount which they found was the value of the goods taken under the attachment, with interest from the date of the attachment to the date of trial.

Plaintiffs in error objected to the charge because it submitted to the jury for its determination the liability of A. B. Lancaster as to the $61.50 note, contending that the pleadings did not aver that he ever agreed to sign or promised to pay it. The further objection was made to the charge that it failed to instruct the jury that the uncontradicted evidence showed that the liability of A. B. Lancaster was in any event much less than $220.98 at the time of suing out the writ of attachment, and therefore the affidavit was literally and substantially untrue, and entitled plaintiffs in error to recover their actual damages.

The objection to the charge was further emphasized by a special requested charge to the effect that, if the jury found that A. B. Lancaster was liable on the $73.25 note, but not liable on the $61.50 note, it would render the affidavit for attachment substantially untrue, and constitute an abuse of the attachment process. They also requested a peremptory instruction to the effect that, as the affidavit for attachment was untrue according to the uncontroverted evidence, and therefore wrongful, to return a verdict for the plaintiffs in error. Both of these special charges were refused.

In our opinion the Honorable Court of Civil Appeals correctly held that the court did not err in submitting to the jury for its determination, in connection with the plea in reconvention, the issue of liability of A. B. Lancaster upon the $61.50 note. The allegations of the petition charging a conspiracy to defraud and swindle were sufficient to raise the issue as to his liability, and it was proper to have it determined by the jury.

[1] It is our view, however, that plaintiffs in error were entitled to have the jury instructed that if the affidavit was false in part, and by reason of such falsity property in excess of the real indebtedness was taken, plaintiffs in error would be entitled to recover damages for the seizure of property in excess of that which the real indebtedness justified. Wallace v. Finberg, 46 Tex. 35; Stiff v. Fisher, 85 Tex. 556, 22 S. W. 577; McKee v. Sims, 92 Tex. 51, 45 S. W. 564.

[2, 3] The objections to the main charge and the special requested charges were sufficient to call the court's attention to the defect of the general charge. The Court of Civil Appeals seems, however, to have treated this error as harmless, because the amount of the note, including interest and attorney's fees, for which the jury found A. B. Lancaster liable, aggregated $110.77, while the goods levied upon were sold, pending trial, by agreement of the attorneys for $132. The agreed amount at which the goods were sold does not necessarily determine the value of the goods at the date of seizure under the writ of attachment. The value of the goods seized under a writ of attachment is to be determined as of the date of seizure, instead of at the subsequent date of sale. Gilmour v. Heinze, 85 Tex. 76, 19 S. W. 1075.

The goods were taken under the attachment writ on March 27, 1917, and on May 21, 1917, sold for $132. Plaintiffs in error alleged that the goods were damaged by rough handling to the extent of $50, and that a large part thereof was damaged by rodents while in a warehouse selected by the sheriff, who held the goods in virtue of the writ of attachment. They alleged that the reasonable market value of the goods at the time of seizure was $400.

There was evidence offered by plaintiffs in error in support of the amount alleged. There was no finding by the jury, however, as to the reasonable market value of the goods at the date of its seizure. Under the court's charge the jury was required to determine the reasonable market value of the goods attached, only in the event that the attachment was illegally sued out, and were not required to return a finding if the affidavit was false in part. In view of the finding that the affidavit was true only as to the $73.25 note, a finding as to the value of the goods at the date of seizure was necessary to the rendition of a proper judgment. For this error the cause should, we think, be remanded for another trial.

We recommend, therefore, that the judgments of the Court of Civil Appeals and of the district court be reversed, and the cause remanded for a new trial.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.