THOMAS BROWN'S ADM'R v. W. L. TYLER AND OTHERS.

Punitory or vindictive damages are not recoverable on the dissolution of an injunction, unless the evidence proves that the injunction was sued out maliciously and without probable cause ; and in the absence of such proof, the defendants are entitled to no more than simple compensation for the actual loss sustained by them in consequence of the injunction, not to include attorney's fees and costs incurred in their defense to the suit.

APPEAL from Fayette. Tried below before the Hon. T. C. Barden.

The plaintiff Brown was killed shortly after the institution of this suit, and his administrator was made a party, and prosecuted the suit to trial. The property transferred by Brown to the Tylers consisted mostly of live stock. Brown prayed for and obtained an injunction, restraining the defendants from disposing of any of the property.

The allegations of the petition were to the effect that the plaintiff Brown, in March, 1860, when he conveyed his property to the defendants, who were his step-sons, had, by long and habitual use of intoxicating liquors, become demented, and was wholly incapacitated to make a valid conveyance of the property; that he had no recollection whatever of ever executing the deed to the defendants, or of ever having accepted their obligation to support him; that they availed themselves of his condition to procure from him the transfer of the property, etc.

The opinion of this court sets out the transfer from Brown to the Tylers, and indicates the other material facts of the case. This appeal was prosecuted by the sureties on Brown's injunction bond.

*Timmons & Brown*, for the appellants, insisted that the judgment was erroneous, and argued that the sureties on Brown's injunction bond could not be liable, after their principal's death, for vindictive damages—citing Harrison v. Harwood, 31 Texas, 650, and Jordan v. David, 20 Texas, 712.

*W. H. Gazley*, for the appellees.—The charge of the court fully embraced the law on the subject of damages. Whether there was probable cause for the suing out the writ of injunction, the motive which prompted to the proceeding, or whether it was employed wrongfully, vexatiously and oppressively, were questions

for the jury, and they were properly submitted in the instructions given. If in their belief the proceeding at the time and under the circumstances was needlessly harrassing, wrongful and oppres_sive, the jury were not confined to merely compensatory damages. (Monroe v. Watson, 17 Tex. R., 626; Smith v. Sherwood, 2 Tex. R., 463.) Not one of the allegations in the petition for the obtaining the injunction is supported by any testimony in the record. Was not, then, the injunction needlessly harrassing, vexatious and oppressive, and the motive which prompted to the proceedings malicious—legal malice?

These are questions for the jury, to be determined by them from all the surrounding circumstances. In a case contested as this was, there may be many circumstances which cannot be appreciated by this court, but which had their just influence in inducing the jury to find the damages they have. (Fall v. Ratliff, 10 Tex. R., 293.) Again, cannot malice be inferred from the want of probable cause for the injunction? The law is, that it may be inferred from circumstances and from want of probable cause, as well as from the conduct and declarations of the plaintiff. But want of probable cause is independent of malicious motive. (2 Greenl. Ev., § 453, note 1, § 454.) The question of malice is for the jury, to be determined from the facts and circumstances proved; and so the question of probable cause, though a mixed question of law and fact, may be ordinarily and properly submitted to the jury; and the existence or non-existence of probable cause may be implied by the jury, from such facts and circumstances as lead to the inference that the party was not actuated by an honest and reasonable conviction of the justice of his suit, or, with reference to this case, of the existence of the facts on which the injunction was based. (29 Tex. R., 256.)

WALKER, J.—This was an action commenced in the district court in the year 1860, by Thomas Brown, to set aside a deed exe-

cuted by him to the defendants in error on the ninth day of March, 1860.    This deed is in the words and figures following, to-wit:

"Articles of agreement made this the ninth day of March, eighteen hundred and sixty, between Thomas Brown, of the county and State aforesaid, of the first part, and William and Albert Tyler, of the county and State aforesaid, parties of the second part, witness: I, Thomas Brown, have this day covenanted and agreed with the party of the second part to sell, convey and relinquish my entire stock of cattle, and all other property owned by me, unto the party of the second part, hereby binding myself to warrant and defend the title of the same unto the party of the second part, against myself, my heirs, or any person or persons claiming or to claim the same.   In confirmation of the above obligation I have here affixed my name in the presence of witnesses, the day above written."

This is signed, witnessed and acknowledged.   On the same day the foregoing contract was executed, the Tylers made a written obligation to Brown to take care of and provide for him during his natural life; and this contract seems to have formed a consideration for Brown's deed.

Hiram Daugherty, one of the witnesses, testifies as follows: " Defendants were sound in mind and body; had no visible means of support; they lived with Brown, their step-father; they were in his employ; had no home of their own; were sharp, shrewd young men, and could, if disposed, have taken advantage of Brown, whose mind had become so stultified as to render him absolutely incapable of making a rational contract.   The pretended deeds referred to were, under the circumstances, not just, not fair, not equitable, but unconscionable, iniquitous and fraudulent.   No honest man would have entered into a contract with Brown under the circumstances.   Brown was a confirmed drunkard."

Thomas Alford, Ed. Marlow, William Neese and Dan Killen,

all testified to pretty nearly the same thing as to Brown's habits of intoxication, and his incapacity to make contracts. Several witnesses were examined for the defendants, some of whom confirmed the plaintiff's evidence, and others contradicted it.

The verdict of the jury was clearly against the weight of evidence; nor was there anything in the evidence to call for the charge of the court touching vindictive or punitory damages. The verdict of the jury not only gave the defendants all the property which Brown had, but gave $1425 punitory damages against his administrator and his securities on the injunction bond. The court dissolved the injunction and rendered judgment on this verdict, and refused a motion for new trial. There was no evidence in the case to establish malice in suing out the injunction; and if damage at all, it should have been measured by simple compensation for loss sustained. (See Smith v. Sherwood, 2 Texas, 460; Jordan v. David, 20 Texas, 718; Culbertson v. Cabeen and Jarman, 29 Texas, 247; Reed v. Samuels *et al.*, 22 Texas, 114; Neill v. Newton, 24 Texas, 202; Hammonds v. Belcher and others, 10 Texas, 271.)

These authorities are conclusive to the point, that without malice, and the total absence of probable cause, the defendants could recover no more than their actual damages, not to include attorneys' fees and costs in defending the original suit. It is unnecessary to inquire whether the securities are liable or not.

The judgment of the district court is reversed and the cause remanded.

                                        Reversed and remanded.