H. B. MUNNERLYN V. C. B. ALEXANDER.

1. The owner of property seized under attachment wrongfully sued out, is entitled to recover as actual damages the value of the use of the prop- erty while it is withheld from his control. His right to such recovery is not affected by the fact that the property had been replevied, and re-- mained under control of his co-defendant, who had no right to the same.

2. In determining whether the pleading forms a sufficient basis for recovery, the original plea may be considered in connection with subsequent amendments; when neither, taken separately, is good, a demurrer will not be sustained, if considered together they state a cause of action.

APPEAL from Madison. Tried below before the Hon. James R. Burnett.

In September, 1865, appellant sued appellee, with Syd-- dleton Smith and G. W. Turvin, for $1500, claimed to be due on a note. He procured an attachment against the property of defendants, and had the same levied on the property mentioned in the opinion. Thus far the pro- ceedings seem to have been conducted by the appellant in person, and offered another instance of the folly of men attempting to transact business which they do not under- stand. The petition declared on a note for $1500, while the affidavit for attachment claimed an indebtedness of $1540. At the March term, 1866, appellant seems for the

first time to have been represented by counsel, who amended his petition, and described correctly the note sued on as a note for $1586.61. The sheriff, at the September term, 1866, amended his return, which showed that the levy had been made nearly a year before, and described the property seized as the property of Alexander, with the exception of a few articles which do not figure in the subsequent proceedings. On the thirtieth day of September, 1865, Syddleton Smith replevied all the property seized, including the property of Alexander.

On the sixth of September, 1866, Alexander filed his plea in reconvention against plaintiff, in which he alleged that the attachment was wrongfully sued out, and amended his original answer, which claimed a recovery only against the plaintiff in attachment, by declaring on the attachment bond, and asked a judgment against the principal and securities. The attachment was quashed on the sixth of September, 1866. The case was tried at the December term, 1871; verdict and judgment for Munnerlyn for amount of his note with interest, and against him in favor of Alexander for $2865.85 actual damages, from which plaintiff appealed. The evidence disclosed that Smith attempted, after replevying the property, to claim the same as his own.

*Baker & Maxey*, for appellant, cited Harrison v. Harwood, 31 Texas, 657; Drake on Attachments, § 156; Culbertson v. Cabeen, 29 Texas, 255; 2 Greenleaf on Evidence, § 453.

*L. A. Abercrombie*, for appellee, cited Walcott v. Hendricks, 6 Texas, 419; Culbertson v. Cabeen, 29 Texas, 255; Brown's Administrator v. Tyler, 34 Texas, 168; Drake on Attachments, §§ 175, 177, 178; Robins' Administrator v. Waller, 2 Texas, 130; Pridgen v. Strickland, 8 Texas, 427; Horton v. Reynolds, 8 Texas, 284.

WALKER, J.—The appellant sued out an attachment in September, 1865, against the appellee and Smith & Turvin. Most of the property levied on appears to have belonged to Alexander; but by some means or other, Smith, his co-defendant, replevied the property, and kept it in possession for nearly a year. The property consisted of seven wagons, valued at $500; twenty-nine and a half yoke of oxen, valued at $725; and three horses, valued at $200, and perhaps some other property. In the course of proceedings, the attachments were quashed. The appellee brought a cross-action for damages, the petition declares, on a joint and several note, for $1500. The affidavit does not correspond with the note, but the plaintiff was permitted to amend the irregularities in his proceedings.

It is first insisted on as error, that the court overruled the plaintiff's exceptions to Alexander's original answer and plea in reconvention; and it will be noticed that the appellee did not declare in his original plea, on the attachment bond; but he averred the wrongful suing out of the attachment, and claimed damages. On this plea an issue was joined, and the plaintiffs set up new matter in evidence. Years elapsed before the pleadings were settled and a trial had.

After the replication was filed the appellee filed an amended plea declaring on the attachment bond; and it would seem from the order of pleading that the appellee's amended plea and answer had been filed before the exceptions were filed to his original plea; there was certainly then no necessity for an exception, as the amended plea did declare on the attachment bond.

The original and amended plea, taken together, were sufficient, and we do not think the court erred in overruling the exceptions.

The appellee then had his cause of action sufficiently stated against the plaintiff and his securities.

The second error assigned is to the charge of the court, but we are unable to find any exceptions taken to the charge. The error complained of probably consists in that part of the charge which instructed the jury that the plaintiff was liable, in actual damages, for the use of the property while it was withheld from the possession of the appellee. But upon proof that the attachment was wrongfully sued out, we are of opinion the jury had a right to consider and allow reasonable compensation at least to the appellee for the damage sustained by being deprived of the use of his property. (See Walcott v. Hendricks, 6 Texas, 419 ; Culbertson v. Cabeen, 29 Texas, 255 ; Harrison v. Harwood, 31 Texas, 657 ; Brown's Adm'r v. Tyler, 34 Texas, 168.)

Upon careful examination of all the assignments for error, we do not think there is cause to reverse this judgment. The verdict of the jury does not give the appellee a larger amount of damages than the testimony authorized, though we must confess it is rather a strange result that a plaintiff should bring his action on a promissory note for $1500, and so manage his case as to get a judgment against himself for near $3000 ; nevertheless, the jury are the better judges of this matter, and we affirm the judgment.

Affirmed.