## No. 6015.

## A. B. HARDIN, GUARDIAN, *v.* N. J. SPARKS ET AL.

1. AUTHENTICATION—REGISTRATION.—The husband who was a subscribing witness to a deed made to his wife during the marriage, and who at the time of its execution was not a competent witness to establish it, can not as such subscribing witness prove it up for registration. Presumably the property, if acquired, was community, and the deed, in contemplation of law, was a conveyance to the husband.

2. EVIDENCE—EXPERTS.—When it is sought to reverse a judgment on the ground that a witness was permitted to testify as an expert without first being shown to be such, it should be shown by bill of exceptions or otherwise that examination was made touching his capacity to testify as an expert, or that no examination into his qualification was made. Otherwise, the presumption will obtain that the court became satisfied of the competency of the witness.

3. FACT CASE.—See opinion for facts under which, *held*, that a deed executed and received after final payment of purchase money, conveys title, in the absence of notice, actual or constructive, of a former unrecorded deed to another from the same vendee.

APPEAL from Montague.    Tried below before the Hon. F. E. Piner.

*Earle Adams* and *Rugely & Huff*, for appellant: The court erred in admitting in evidence the deed from James Mills to M. J. McMillan, because said deed was not properly authenticated, not competent for record, nor was it proven up in such a manner as would admit it in evidence. (Wallace v. Campbell, 54 Texas, 87; Cooke v. Bremond, 27 Texas, 457.)

The record of a deed, not properly acknowledged or proven for record, though in fact duly executed, will not operate as notice. (Taylor v. Harrison, 47 Texas, 457.)

A prior unrecorded deed is only void as to subsequent bona fide purchaser whose deeds shall be first recorded. (4 Kent, 456; Cairell v. Higgs, Posey's Texas Unreported Cases, 56; Brown v. Moore, 38 Texas, 648; Sample v. Irwin, 45 Texas, 573.)

To establish a deed as a common law instrument, it must be proven by the subscribing witnesses, and before other evidence can be resorted to their absence must be accounted for and a predicate laid for the introduction of secondary evidence. (Wiggins v. Fleishel, 50 Texas, 63; Texas Land Company v. Williams, 51 Texas, 58; Sample v. Irwin, 45 Texas, 573.)

The grantor in a deed alleged to be fraudulent would not be competent to prove its execution. The deed from James M. Mills to M. J. McMillan was shown to have been obtained from Mills without consideration, upon the fraudulent representation of Neil McMillan, husband of M. J. McMillan, that he had purchased the title from William McDaniel, the grantee of the ancestor of appellant. (White v. Holliday, 20 Texas, 688.)

There can be no presumption that the husband has authority to sell real estate, the separate property of his wife. She must join with him in the deed, and her acknowledgment be taken privily and apart. (Rev. Stats., art. 559; Clark v. Mumford, 62 Texas, 531-534.)

A deed fraudulent in fact is absolutely void and if procured by fraud or undue influence will be set aside in equity even as to innocent third parties. (Sands v. Codwise, 4 Johns. Ch. Rep., 536; Boyd v. Dunlap, 1 Johns. Ch. Rep., 432; Whealan v. Whealan, 3 Cow., 537; Seymour v. Delong, 3 Cow., 445.)

*Sparks & Smith,* and *Stephens, Matlock & Herbert,* for appellees.

STAYTON, CHIEF JUSTICE. This is an action of trespass to try title, and the parties plaintiff and defendant, all claim through James M. Mills. James M. Mills conveyed to William McDaniel by deed of date January 3, 1859, and the latter conveyed to the father of appellant's ward by deed of date March 8, 1859. These deeds, however, were not recorded until January 19, 1885. The land was patented April 26, 1862. On August 18, 1868, James M. Mills conveyed the land to W. J. McMillan, who was at that time the wife of Niel McMillan, and the deed, through which this conveyance was made, stated a consideration of three hundred dollars. There was nothing in

this deed showing facts that would make the property conveyed by it other than community property, and it was witnessed by Niel McMillan and another, and by the former proved for record and recorded on July 30, 1874. This deed is not, as claimed by appellant, a quit claim.

On April 13, 1871, Neil McMillan, for himself and wife, in consideration of one thousand dollars actually paid, conveyed the land to William Jones, and this deed was recorded on November 14, 1872. The defendants, other than William Jones, claim under regular transfers made by him. The cause was tried without a jury, and the court found that William Jones had no notice, at the time he purchased, of the conveyances through which the appellant claims, and this finding is fully sustained by the record.

When the deed from James M. Mills was offered it was objected to on the ground that it had not been properly authenticated for record, and on the further ground that its execution had not been established by sufficient evidence. The instrument was proved for record by Neil McMillan prior to the passage of the act of May 19, 1871, and as he would not then have been a competent witness, the deed being one practically to himself, we are of the opinion that the deed was not properly proved for record, and therefore was not admissible as a recorded instrument. It is unnecessary, in this case, to consider whether, under the laws now in force, a grantee may be a subscribing witness to a deed and prove it for record.

The deposition of James M. Mills was taken in the case, and no objection was urged to his testifying as to the execution of the deed, on the ground that the proof of the execution of the deed should be made by the testimony of the subscribing witness other than Neil McMillan, or some reason shown why that witness was not called. Mills testified that he executed the deed to M. J. McMillan, but that he did so without consideration, and upon a representation made to him by Neil McMillan that he had purchased from William McDaniel, and desired the deed to make the chain of title more direct. The deed from Mills to McDaniel was in evidence in support of the appellant's right, and it was not questioned that it bore the genuine signature of James M. Mills. The deposition of Mills was also in evidence, having been taken and used by the appellant, and it is not questioned that the signature to the answers to direct and cross interrogatories were the genuine signatures of

James M. Mills. All of these original papers, as well as the original deed from Mills to M. J. McMillan, under order of court, are sent up with the record.

In taking the deposition of Mills in this case, he was interrogated about a deposition given by him in another case, and that deposition, including the interrogatories, was made a part of the interrogatories he was called upon to answer, and it related to the execution by him of the deed to M. J. McMillan. The deposition thus taken, including the interrogatories and answers in the former deposition, were read in evidence by the appellant, and therein the witness denied that he ever gave the former deposition. The appellees then read in evidence, without objection, the deposition taken in the former case, in which Mills is shown to have testified, with the deed from him to M. J. McMillan before him, that he executed it for the purposes and considerations therein named. This deposition was also directed to be sent up with the record, and appears in all respects to have been taken and duly certified by an authorized officer, and it also purports to bear the genuine signature of James M. Mills.

Upon this evidence the court found that the deed from James M. Mills to M. J. McMillan was executed by the former, and of the correctness of this finding we think there can be no doubt, looking to the evidence of Mills and to all the signatures admitted to be genuine. The parties placed the signatures of Mills before the court for comparison; that was made, and if we were to disregard the direct evidence of the grantor to the fact that he executed the deed to M. J. McMillan through which the appellees claim, there is not the slightest reason to believe that the conclusion of the court is not fully sustained by the invited comparison of hand writing.

A witness who is not shown to have qualified himself to testify as an expert, was permitted to give his conclusion as to the identity to the person whose name appeared to the several instruments to which we have referred, and it is urged that this was error. The presumption, in the absence of a statement to the contrary in the bill of exceptions, is that the court satisfied himself by proper inquiry as to the competency of the witness to testify as an expert, and the mere statement that the objection was on the ground that the witness had not shown himself qualified to testify as an expert is not enough to rebut this pre-

sumption. A party who seeks to raise such a question should show in a bill of exceptions, or in some proper manner, what examination, or that no examination, was made to test the qualification of a witness to testify as an expert. If, however, the testimony of the witness had been erroneously received, we would not feel authorized, in view of all the other evidence in the cause bearing on the execution of the deed to M. J. McMillan to reverse the judgment; for, if the testimony of this witness had been excluded, and on the other evidence bearing on the question, the court had reached a conclusion other than it did, we would feel constrained to hold that the finding was without evidence to sustain it.

This is not a case in which there is a conflict of evidence as to the actual execution of a deed. Under the facts presented Jones was authorized to rely upon the fact that the land was community property belonging to Neil and M. J. McMillan, husband and wife. The former had full power to convey it, and the fact that he assumed to convey in the name of his wife as well as himself neither adds to nor withdraws from the deed the full effect that would be given to it had it only purported to be executed by him. As before said, the deed from James M. Mills to M. J. McMillan was not a mere quit claim, and it, therefore, becomes unnecessary to consider whether a person claiming under a quit claim in his chain of title, is, under all circumstances, affected with notice of outstanding superior rights, and precluded from any protection as an innocent purchaser.

It may be true, were the question now between Neil and M. J. McMillan and the appellant, that facts exist which would require a judgment for the latter; but, however this may be, William Jones is shown to have purchased the property from one holding, apparently, the legal title, and therefor to have paid a sum not shown to be less than its reasonable value, and this without any notice whatever that the appellant or any other person had any claim. Under such facts, he, and those who claim under him, are entitled to protection against the claim the appellant now asserts.

The law furnished to the appellant, and the person through whom he claims, a means through which all persons would be affected with notice of the right now asserted, and, if the right

once existing has been lost, it is attributable to the failure to use those means which the law declares shall operate a loss of the right when an innocent purchaser acquires a right.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*