TAYLOR BROS. JEWELRY CO. v. KELLEY. (No. 605.)

(Court of Civil Appeals of Texas. El Paso. Oct. 26, 1916. Rehearing Denied Nov. 16, 1916.)

1. EVIDENCE ☞253(1)—CONSPIRACY—WRONGFUL ATTACHMENT.

In a suit for an automobile wrongfully attached and sold by defendant as the property of another, if the evidence had shown prima facie a conspiracy between plaintiff and such other that plaintiff might hold the property, such other's acts or statements would be admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 994, 995, 1002; Dec. Dig. ☞253(1).]

2. EVIDENCE ☞317(5) — ADMISSIBILITY — HEARSAY.

In such suit, where the controversy was whether the automobile belonged to plaintiff or to the one in whose possession it was attached, in the absence of conspiracy, her statement to a witness, not in the presence of the plaintiff and prior to any controversy over the title, that the automobile belonged to her and not to the plaintiff, was hearsay and inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1178; Dec. Dig. ☞317(5).]

3. EVIDENCE ☞106(1)—CHARACTER—WRONGFUL ATTACHMENT—ACTION FOR CONVERSION.

It was not error to exclude testimony that plaintiff had been arrested in bed with the woman in whose possession the automobile had been seized, and fined for vagrancy, and that he was with her when she purchased the automobile.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 177–182, 185; Dec. Dig. ☞106(1).]

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. APPEAL AND ERROR ☞926(7) — PRESUMPTION — COMPETENCY OF TESTIMONY AS TO VALUE.**

Where the bill of exceptions did not show what examination, or that no examination was made to test the qualifications of a witness as to the value of an automobile, the presumption was that the court satisfied itself by proper inquiry as to the competency of such testimony, and the mere statement that the witness had not qualified was not enough to rebut the presumption.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3745, 3746; Dec. Dig. ☞ 926(7).]

**5. ATTACHMENT ☞374 — WRONGFUL ATTACHMENT—ACTION FOR CONVERSION—EVIDENCE.**

In a suit for an automobile wrongfully attached and sold as the property of another, testimony as to its value where no witness attempted to describe its condition, or what effect a six months' use would have had upon its value, did not constitute such proof of its reasonable value as would afford a basis for judgment.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1363–1372, 1392; Dec. Dig. ☞ 374.]

**6. DAMAGES ☞62(1)—LOSS OF PROFITS—RECOVERY.**

Plaintiff, if making no effort to replevy the automobile or to secure another in its place with which to continue his business, could not recover loss of profits.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 119; Dec. Dig. ☞62(1).]

**7. ATTACHMENT ☞374 — WRONGFUL ATTACHMENT — ACTION FOR CONVERSION — RENTAL VALUE—EVIDENCE.**

Where plaintiff testified that he was operating the automobile for hire at an average net earning of about $10 per day, but could not state what the expense was or whether he would have operated it during the time it was wrongfully detained, there was no evidence on which to base a finding of $2 per day rental value.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1363–1372, 1392; Dec. Dig. ☞ 374.]

**8. ATTACHMENT ☞375(3) — WRONGFUL ATTACHMENT—ACTION FOR CONVERSION—MEASURE OF DAMAGES.**

Ordinarily, the measure of damages for wrongful attachment is the value of the goods attached, with interest from the date of seizure.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 1379; Dec. Dig. ☞375(3).]

**9. ATTACHMENT ☞368 — WRONGFUL ATTACHMENT—REMEDIES.**

One claiming title and possession of property attached and sold as the property of another may elect to sue to recover the property itself.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1344, 1345; Dec. Dig. ☞368.]

**10. ATTACHMENT ☞375(3) — WRONGFUL ATTACHMENT—MEASURE OF DAMAGES.**

In a suit for an automobile wrongfully attached and sold as the property of another, or in the alternative for its rental value, the plaintiff was entitled to the property, together with the reasonable value of its use during its detention to be estimated on the basis of its rental value.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 1379; Dec. Dig. ☞375(3).]

**11. ATTACHMENT ☞374—WRONGFUL ATTACHMENT — ACTION FOR CONVERSION — MEASURE OF DAMAGES.**

In such suit seeking, in the alternative, to recover its value and rental value, where there was no evidence to show its rental value or any basis for the allowance of lost profits as special damages, the plaintiff should have judgment for the automobile and, as damages for its detention, interest upon its value, or for its rental value or loss of profits in its rent service as the pleading and proof might require, and in the alternative for its value with such damages.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 1363; Dec. Dig. ☞374.]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by H. W. Kelley against the Taylor Bros. Jewelry Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

E. T. Chew, of Houston, for appellant. Geo. A. Delhomme and Roberts & Sears, all of Houston, for appellee.

HARPER, C. J. The appellant, Taylor Bros. Jewelry Company, had seized and sold a certain automobile under writ of attachment as the property of Kuma Higgins, and appellee, Kelley, brought this suit for the title and possession, or, in the alternative, for its value and rental value because of its wrongful conversion under the allegations that the machine was his, and that he was entitled to its possession and value. The appellant denied that it belonged to appellee, and alleged that it was bought by Kuma Higgins with her own funds, and that it was subject to execution, etc., and further specifically pleaded conspiracy between Kelley and said Kuma Higgins to conceal the property from her creditors, and to defeat the lien created by the levy of the writ.

[1-3] The first assignment is that the court erred in refusing to permit witness to testify that Kuma Higgins had stated to him just prior to the service of the writ of attachment that the automobile belonged to her, that it did not belong to plaintiff, but that he was running it for her, etc. The rule is that when evidence was developed that was sufficient to show prima facie a conspiracy between plaintiff and Kuma Higgins to act in concert to shape matters so that plaintiff would hold the property, her acts or statements would be admissible. Sullivan v. Fant, 51 Tex. Civ. App. 6, 110 S. W. 522.

It seems clear that the testimony was hearsay and inadmissible. The controversy in this suit is whether the automobile belonged to Kelley or Kuma Higgins. It cannot be held that the statements made to the witness by a person not a party to the case, not in the presence of the plaintiff, and prior to any suit or controversy over the title to the machine, tends in any way to establish ownership, nor that plaintiff did not own the machine at the time it was taken under writ of attachment. So far as the record discloses, the statement was made prior to the suit by the Jewelry Company against the said Higgins. If she had been making up a defense, a

conspiracy to defeat the collection of the debt, it seems that she would have stated that the automobile belonged to Kelley and not to her, so the statement in no way tends to prove a conspiracy. And we find no evidence in the record upon which to base a finding that a conspiracy existed between the parties at any time in respect. to any matters pertaining to this suit.

The observation next above is sufficient reason for overruling the second, third, and fourth assignments, to the effect that it was error to exclude .the testimony that the plaintiff had been arrested in bed with Kuma Higgins and fined for vagrancy, and the further testimony that plaintiff was with Kuma when she purchased the automobile. As stated above, the main question here is: Was Kelley the owner of the automobile? If not, then he is not entitled to recover in this case, and we conclude that if the evidence excluded were added to that admitted, it would not be sufficient upon which to base a judgment for the appellant.

[4] The fifth is that the court erred in permitting witness to testify as to value of the automobile because he was not qualified as an expert.

The bill of exceptions does not show what examination nor that no examination was made to test the qualifications of the witnesses, and in such cases the presumption is that the court satisfied himself by proper inquiry as to the competency of the evidence, and the mere statement that the witness had not qualified is not enough to rebut the presumption. Hardin v. Sparks, 70 Tex. 429, 7 S. W. 769. The assignment must therefore be overruled.

[5] The sixth to ninth, inclusive, urge that there is no legal or competent evidence as to the true measure of damages for the conversion of the automobile in question. The only evidence of the value of the car at the time it was attached is that it cost $750 second-hand, in March, and the testimony of another that it was in his opinion worth $800, in September, when taken. This latter witness clearly revealed by his answers to questions that he did not have sufficient knowledge of the condition of the car to make his·opinion of much value. He testified:

"I never inspected the car at all to see its general condition; I never saw the motor taken down or the transmission taken out, or anything of that kind. I do not of my own knowledge know how long that car had been run. I never did look or examine the engine or any parts of the car. As to whether I mean to tell the jury that just from a casual view of the car going into the garage with a number of other cars, and it being a Studebaker car, regardless of my knowledge of the advantage of it, or how it had been run, why, that would be my judgment that it would be the value of it, $800, judging it alone with other cars of the same type; that would be my opinion as to its value from the best information I had in hand at that time. I am assuming that the car would be in fairly good running order; I did not make an inspection of it to determine whether it was or not."

And no witness attempted to describe its condition at the time, nor what effect the six months' use would or did have upon its value. Such evidence of value does not constitute such proof of the reasonable market value of the car at the time taken as should obtain in such cases to be the basis for judgment.

[6] There is no evidence that the plaintiff made any effort to replevy the car, nor to secure. another in its place with which to continue the business, and these are necessary to a recovery for profits in cases of wrongful attachment or sequestration. Halff Co. v. Waugh, 183 S. W. 845; Low v. Ne Smith, 77 S. W. 32; Hamlett v. Coates, 182 S. W. 1147; Wilson v. Manning, 35 S. W. 1079.

[7] Again, witness says he was operating the car for hire at an average net earning of about $10 per day, but that he kept no expense account and could not tell what.the expense of keeping it was, nor does he testify that he could and would have operated it during the time, so there is no evidence upon which to base a finding of $2 per day, rental value of the car.

[8-11] The tenth assignment, which is submitted as a proposition, reads:

"Because the court erred in rendering judgment for plaintiff for the sum of $428, as so-called special damages as found by the jury, because plaintiff, if entitled to recovery at all, was entitled to recover only the reasonable market value of said automobile, at the date that it was attached by defendants, with interest at the rate of 6 per cent. from said time."

We concur in the view that there was error in rendering judgment for $428, as damages, under the evidence adduced, but cannot concur in the unqualified assertion that appellee was entitled to recover only the value of the automobile, with legal interest from the date of its seizure. In view of a retrial, it is proper that we should indicate our view of the proper measure. The plaintiff sued to recover' the title and possession of the automobile, or its value, together with damages in the sum of $10 per day for its use.

The case was submitted to a jury upon special issues as follows:

"(1) Who was the owner of that certain five-passenger automobile, of Studebaker make, particularly described in the plaintiff's petition herein, on the 9th day of September, 1914?

"(2) What was the reasonable market value of said car at said time and place?

"(3) What was the reasonable net rental value· of said car from the 9th day of September, 1914, to this date?"

In response to the first issue, they found in favor of Kelley; in response to the second, they answered, "$750," and in response to the third, they answered, "$2 per day." Thereupon the court entered judgment that Kelley recover of defendant the automobile, describing the same, and the sum of $428. damages, and if said automobile could not · be had, then, that Kelley recover the said.

sum of $750, the value assessed by the jury in addition to said damages.

Ordinarily, the measure of damages for wrongful attachment is the value of the goods attached, with interest from the date of seizure. Fisher v. Scherer, 169 S. W. 1133. Ordinarily, this rule furnished adequate compensation to the injured person in the absence of pleading and proof showing a right to recover, in addition to the value of the property, special damage arising from the deprivation of its use. If the plaintiff elects to do so, he may sue to recover the property itself. In many cases, to allow as damages, interest merely upon the value of the property during the period of its detention, would inadequately compensate him for the wrongful detention and does not furnish the proper measure of damage. Upon the contrary, he is entitled to the property wrongfully seized, together with the reasonable value of its use during the period of its detention, which, in the case of an automobile, ordinarily would be estimated upon the basis of its rental value. Pridgin v. Strickland, 8 Tex. 427, 58 Am. Dec. 124; Munnerlyn v. Alexander, 38 Tex. 125; Hudson v. Wilkinson, 45 Tex. 444; Low v. Ne Smith, 77 S. W. 32; Hooks v. Pafford, 34 Tex. Civ. App. 516, 78 S. W. 991; Waller v. Hail, 46 S. W. 82; Craddock v. Goodwin, 54 Tex. 578.

In some instances, loss of profits as special damages may be allowed, where the case is brought within the rules allowing such damages. Such special damages in such cases will be allowed whether the suit be for the property itself or its value. Wilson v. Manning, 35 S. W. 1079; Hamlett v. Coates, 182 S. W. 1147; Halff v. Waugh, 183 S. W. 845. No fixed rule of damages can be declared which will apply in every instance, and of necessity must vary in different cases, according to the facts. Craddock v. Goodwin, and Wilson v. Manning, both supra.

In the case at bar, the plaintiff testified that he was operating the automobile in rent service, and its average net earnings in such service was $10 per day. There was no other testimony whereby a proper estimate could be made of the value of its use. This testimony alone was insufficient to enable the jury to determine what its reasonable rental value was. And the pleading and evidence failed to bring the case within the rule announced in the cases last above cited, whereby the net profits derived from its use in the rent service might be properly allowed as special damages. Under the testimony, the court should have allowed as damages, interest upon the value of the car, because: (1) There was no evidence whereby the rental value of the car could be ascertained by the jury, and (2) there was no proper basis shown for the allowance of lost profits in the rent service as special damages.

Upon a retrial, if the issue of title be resolved in favor of Kelley, judgment should be rendered in his favor for the car, and, as damages for its detention, he should likewise recover interest upon its value, or for its rental value or lost profits in the rent service, as the pleading and proof may demand; and in the alternative, for its value, with damages assessed by the same rule. Whether a recovery be had for the property itself or its value, the measure of damage for the wrongful detention is the same. Pridgin v. Strickland, supra.

Reversed and remanded.