**D. R. CURTIS et al., Appellants,**

v.

**John B. CAREY, Jr., Appellee.**

**No. 95.**

Court of Civil Appeals of Texas.

Corpus Christi.

July 29, 1965.

Supplemental Opinion Aug. 6, 1965.

Cox & Wilson, Joseph F. Molloy, Brownsville, for appellants.

Osce Fristoe, Harlingen, Selden N. Snedeker, Harlingen, for appellee.

NYE, Justice.

This is an appeal from a judgment for damages based upon a wrongful levy of attachment and conversion of personal property. A prior attempted appeal was dismissed for want of jurisdiction by this court. (Curtis v. Carey, 378 S.W.2d 418) The case is now properly before us by writ of error. Appellant Curtis obtained a judgment in Brazos County against S. M. Sheppard. In an effort to collect the judgment appellant obtained a writ of attachment directing the sheriff of Cameron County to seize certain personal property belonging to Sheppard. In executing the writ the sheriff attached, among other things, a Piper Airplane which belonged to appellee Carey. Sheppard told the sheriff that this aircraft belonged to Carey; however, upon instructions from the appellant's attorney, the aircraft was seized and ultimately sold. Carey brought suit against appellant Curtis and the sheriff for the value of the airplane and for the loss of the use of the plane. The sheriff filed a third-party-practice cross-complaint (Rule 38, Texas Rules of Civil Procedure) against appellant

Curtis as principal on the sheriff's indemnity bond and against James F. Cooper and Lee J. Court as sureties on the bond. Answers to the suit and cross-action were filed by the sheriff, Cooper, Court and the appellants. On September 3, 1963, the trial court set the case for trial for November 7th, 1963. Contention is made by appellant that he did not have notice of the setting.

On September 4, 1963, appellee's attorney wrote a letter to the attorneys of record for appellant advising them that the trial court had set the case for trial on November 7, 1963. On October 1, 1963, the attorneys for appellant wrote a letter to the attorney for the appellee advising him that the undersigned attorneys for the appellant were no longer representing him and that the appellant's complete files had been returned to him so he could obtain other counsel. Appellant's attorneys had not sought permission to withdraw from the case. The trial court proceeded to trial in the absence of the appellant, entering judgment for appellee Carey against the sheriff and appellant for $1500.00, the value of the aircraft, and for $3920.00 for the value of the loss of use of the aircraft during the time in controversy, and for all costs of suit. The court further rendered judgment that the sheriff recover from appellant Curtis and defendants Court and Cooper the sum of $250.00 attorney's fees and any and all sums which the sheriff may pay by virtue of the judgment including costs herein.

The judgment recited that defendants had filed answers to the suit, that the counsel of record for the defendants had been notified of the setting; that appellee was the owner of the aircraft at the time of the levy of attachment; that the appellant and the sheriff had been advised of the ownership of the aircraft by the appellee; that the appellee had been deprived of the use of the aircraft from the date of the levy until the present date; that beginning three days after the date of the levy of attachment the aircraft would be available and suitable for rental and that a demand for the rental of

the aircraft existed. Only Curtis perfected this appeal.

Appellant's first group of points complain of the trial court proceeding to trial without the appellant being present or represented by counsel at the trial. Appellant contends that Rule 330(b), T.R.C.P. provides for the way in which contested cases may be set for trial. Appellant's attorneys apparently answering the notice of setting, wrote a letter advising that their firm had withdrawn from the case and no longer represented the appellant. The record does not indicate that the appellants applied for permission to withdraw nor does the record show that any permission to withdraw as attorneys of record was given by the court. The letter advising the attorneys for appellant of the setting and their answer was introduced in evidence. We hold that such attorneys, being officers of the court, and once having appeared as attorneys of record for appellant, they continue to constitute the attorneys of record for such party until the trial court gave them permission to withdraw. See rules governing the State Bar of Texas, Art. XIII, Cannon of Ethics, § 3, ¶ 40, Withdrawal from Employment as Attorney or Counsel, Vol. 1A, V.A.C.S., p. 241. We hold that there is sufficient evidence in the record from which the court found that the appellant had notice of the trial date. The setting in September for the early part of November certainly gave the appellant ample time for preparation. The provisions of Rule 330 of Subdivision (b) relative to the setting, are directory and not mandatory. Texas Employers' Insurance Association v. Yother, Tex.Civ.App., 306 S.W.2d 730. There was no abuse of discretion in proceeding to trial. The appellants' points one through three are overruled.

Appellants' fourth and fifth points complain of the judgment awarding $1500.00 as the value of the aircraft at the time of the attachment because the aircraft was not in a condition to fly on the date of the seizure and there was no testimony as to the market value of an unrepaired airplane, nor was there a definite date of the seizure of the airplane. The evidence shows that the writ of attachment was received on November 19, 1962; that pursuant to the writ the deputy sheriff went to the place of business of Mr. Sheppard and attached certain property including the aircraft. When Sheppard told the deputy sheriff that the aircraft belonged to the appellee, the deputy said that he would just put a tag on the airplane so they couldn't move it. There was testimony that the deputy sheriff received instructions from the attorney for the appellant to go ahead and levy on the aircraft. Appellee testified that the next time he checked on the plane it had been hauled away.

As to the condition of the aircraft, Sheppard testified that: " * * * all there was to do on the airplane to get it flying was to fasten down the engine mounts, put the cowling on it, have it inspected, and then it was ready to go." After stating their familiarity with the airplane in question, the appellee, and Sheppard, testified that in their opinion the reasonable market value of the aircraft on the date of the levy of the attachment was $1500.00. We hold that there was ample evidence in the record to assess the proper value of the aircraft. The record indicated that the aircraft would not depreciate in value in the future, in fact Sheppard testified that there was a big demand for this type of plane and the value raises as time goes on. A few days one way or the other in this situation would not have affected the value of the plane. It was undisputed that the place of seizure was in San Benito, Texas. We believe that there was sufficient compliance with the general rule that the measure of damages for wrongful attachment is the value of the goods at the time and place of seizure. Appellants' points four and five are overruled.

Appellant's sixth point complains that the trial court erred in granting judgment for appellee in the amount of $1500.00

in absence of testimony that the airplane had not been returned, replaced by similar property, or paid for by the appellant after the seizure and prior to the trial, and further in making the finding of continued deprival of the appellee's use of the property by appellant. This point is without merit and is overruled. The trial court found that the appellant had at all times since the date of levy retained possession and deprived appellee of the use and possession of the aircraft. The record indicates that the aircraft was held by the sheriff until sold at the sheriff's sale. The aircraft was sold to the appellant. We find that the evidence is sufficient to support the trial court's finding.

 Appellant's seventh point complains that the trial court erred in finding that the appellee was the owner of the airplane at the time of the levy of attachment where the transaction was a conditional sale and there was no showing that the condition had been met. The bill of sale was introduced in evidence which made out a prima facie case of a sale and the resulting transfer of title. See 50 Tex.Jur.2d § 198 and cases cited therein. The record indicates that the appellee paid for the airplane and the parties treated the sale as complete. The seller was to make certain repairs. However, such contractual agreement was only a matter of concern between the seller and the purchaser. This would not affect the purchaser's title to the aircraft when questioned only by a third party who was a stranger to the transaction.

 Appellant's eighth, ninth and tenth points complain of the finding in the judgment that appellee was the owner of the aircraft at the time of the levy of attachment where the record shows that the title and registration of the airplane was in the name of Sheppard and appellant relied upon the recorded ownership. The section of the U. S. Code governing sales and registration of aircraft under Chapter 9, Title 49, Sec. 523, (now Chapter 20, Title 49, § 1403(c) ) provided as follows:

"No conveyance the recording of which is provided for by section 503(a) (1) of this section made on or after August 22, 1938, * * * shall be valid in respect to such aircraft * * against any person other than the person by whom the conveyance *or other instrument is made or given,* his heir or devisee, *or any person having actual notice thereof,* until such conveyance or other instrument is filed for recordation in the office of the Administration. * * *" (Emphasis supplied).

The recordation section of the U. S. Code is to protect an innocent purchaser and others dealing with aircraft who do not have actual notice of any sale. In the case of Marshall v. Bardin, 169 Kan. 534, 220 P. 2d 187, cited by both parties, it has been said that the intent and and purpose of the recording provisions of Civil Aeronautics Act is to protect persons who have dealt on the faith of recorded title of aircraft and as to whom it would be a fraud to give effect to unrecorded titles to their detriment. An attachment creditor is not a purchaser for value buying upon the strength of a recorded title and his attachment does not per se affect the title at all.

 The appellant had actual notice that the aircraft had been sold to the appellee. The sheriff's deputy had actual notice of its sale and reported such sale to appellant's attorneys. The bill of sale was dated and acknowledged prior to the levy by many months. Appellants' points six through ten are overruled.

The trial court found that appellee had been deprived of the use of the airplane from the date of the levy of the attachment (November 19, 1962) to the date of the judgment (November 7, 1963), and gave recovery in the amount of $3,920.00, being the value of the loss of use during the period of time in controversy to the date of judgment. Appellants' points eleven through sixteen complain of such award, contending that the length of time is in-

definite and uncertain, that the damages are speculative, that there was no showing of any demands for the use of the airplane, and that the damages if any for such period of time, should be limited to the market value of the plane at the time of levy plus legal interest from that date. Appellant also complains that such award amounts to a judgment for exemplary damages.

There was some testimony that the rental value of a plane of this kind in Cameron County was about eight dollars per hour, and that the cost of operation would be three dollars per hour, and that such plane could be rented about 18 hours per week. However, there was no testimony that the plane had ever been rented. The plane was not in operating condition at the time it was attached, and for a period of approximately seven months prior thereto, it laid in an unrepaired condition, not used or rented. Before it could be put to use, it would have to be put in proper mechanical operating condition, federally inspected, licensed and approved.

From the record, we find that the evidence relied upon by the trial court and appellees with reference to the loss of use was too uncertain and speculative, and the profits which might have been made from the use of this airplane were not shown by any proof to that degree of certainty which the law requires. Southwest Battery Corporation v. Owen, 131 Tex. 423, 115 S.W.2d 1097; Wade v. Southwestern Bell Telephone Company, Tex.Civ.App., 352 S.W.2d 460, 92 A.L.R.2d 913; Schoenberg v. Forrest, Tex.Civ.App., 253 S.W.2d 331; Munke v. Hubbard, Tex.Civ.App., 281 S.W.2d 165.

The appellee did not testify as to any special damages that he suffered. There was no testimony by the appellee's father, witness Sheppard, or any other witness that the airplane had ever been rented. Since there was no evidence which would show any actual damages suffered by the appellee for the loss of use of his airplane, the only remaining basis for the award of $3920.00 would be the loss of profit in rent-

ing the plane to others. The evidence as to this element was factually insufficient. Southwest Battery Corporation v. Owen, supra, and Schoenberg v. Forrest, supra. Appellee made no effort to replevy the airplane or secure another in its place with which to continue the business of renting to others. This is an important factor to be considered in order to recover for loss of profit in cases of wrongful attachment. Taylor Bros. Jewelry Co. v. Kelley, Tex. Civ.App. (1916), 189 S.W. 340 and cases cited therein.

 When we consider the condition of the airplane, its non-use for a long period of time prior to the levy, the fact that appellee had not theretofore engaged in the business of renting it out for business purposes, and the speculative nature of the testimony with reference to the profits to be secured from its use, we find that the trial court erred in arriving at such damages in the amount of $3,920.00. We hold that the most that appellee was entitled to under the state of the record was the value of the plane, plus legal interest at the rate of 6% per annum from the date of the levy. Taylor Bros. Jewelry Co. v. Kelley, supra, Kauffman et al. v. Armstrong, 1889, 74 Tex. 65; 11 S.W. 1048; Fisher v. Scherer, Tex.Civ.App. 1914, 169 S.W. 1133; Richardson v. Jankofsky, Tex.Civ.App.1893, 23 S.W. 815; Page v. Hancock, Tex.Civ.App.1947, 200 S.W.2d 421, n. r. e.; Kauffman v. Babcock, 1887, 67 Tex. 241, 2 S.W. 878; Wallace & Co. v. Finberg, 1876, 46 Tex. 35; Weaver v. Ashcroft, 1878, 50 Tex. 427; Vincent v. Bell, Tex.Civ.App.1929, 22 S.W.2d 753; 6 Tex.Jur.2d 115.

 As stated earlier in this opinion, the court rendered judgment also against the sheriff in the same amount as against Curtis, and a third-party judgment in favor of the sheriff against defendant Curtis and cross defendants Court and Cooper, jointly and severally for the sum of $250 attorney fees, and further that he recover from Curtis, Court and Cooper jointly and sev-

erally any and all sums which the sheriff may pay by virtue of the judgment, including costs. The sheriff, Court, and Cooper have not appealed. It is the general rule that where one party appeals from a judgment, a reversal as to him will not justify a reversal against the other non-appealing parties. This rule, however, does not apply in cases where the respective rights of the appealing and non-appealing parties are so interwoven or dependent on each other as to require a reversal of the whole judgment where a part thereof is reversed. Lockhart v. A. W. Snyder & Co., 139 Tex. 411, 163 S.W.2d 385, 392; American Indemnity Co. v. Martin, Tex.Com. App., 84 S.W.2d 697; Appellate Procedure in Texas, Sec. 18.13. In this case, the rights of the sheriff, appellant, and the sureties on the indemnity bond to the sheriff are so interwoven and dependent upon each other, that if the case is reversed as to appellant, no effective and full relief can be given unless the judgment of the trial court be reversed in toto, as to all parties to the suit.

 We have found that appellee was entitled to judgment against appellant and the other defendants below in the sum of $1,500.00, with interest at 6% from November 19, 1962 to November 7, 1963, the date of the judgment, and with interest at the rate of 6% on the amount of the judgment from date until paid. We have found, as an evidentiary fact, that appellee did not show by sufficient evidence that he was entitled to recover the sum of $3,920.00 awarded him for lost use of the airplane. In the interest of economy, and to save the necessity of a new trial, we are offering to appellee an opportunity to file in this court within ten days from the date this opinion is delivered, his agreement that he remits, both in this court and in the trial court as to all defendants, appealing and nonappealing, all of said judgment except $1,500.00, the value of the airplane, and $87.00, being interest thereon from the date of the levy to the date of the trial court judgment at 6% per annum. In such event,

the judgment will be reformed to the sum of $1,587.00 with interest at 6% per annum from November 7, 1963 until paid, with the defendant sheriff to have the same judgment (including the sum of $250 attorney fees) over and against the parties, Curtis, Court and Cooper, jointly and severally, on his indemnity bond as awarded in the original judgment. Otherwise, the judgment of the trial court in its entirety, as to all parties is reversed, and the cause remanded for new trial.

SUPPLEMENTAL OPINION

The unconditional remittitur as to all defendants, appealing and non-appealing, in the amount of $3,920.00, having been filed in the trial court and in this Court in compliance with the suggestions made in the original Opinion, the judgment as modified in said Opinion is affirmed. The costs of this appeal will be apportioned equally between the parties.

Motion for rehearing may be filed by either party within fifteen days from the date this Supplemental Opinion is delivered.

Affirmed.